UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LAURENCE RENE GOODMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 10-528 (RMC) |
| | ) | |
| MARY SCHAPIRO, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

In this *pro se* action, petitioner Laurence Rene Goodman, a resident of Golden, Colorado, "demands" that a writ of a habeas corpus be issued against "Respondent Mary Schapiro, current chairman of SEC [the Securities and Exchange Commission]." Pet. at 2. Writs of habeas corpus are available to prisoners and detainees challenging their custody, *see* 28 U.S.C. § 2241(c), and the proper respondent to a habeas petition is "the person who has custody over [the petitioner] . . . with the ability to produce the prisoner's body before the habeas court." *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (quoting 28 U.S.C. § 2242) (internal quotations omitted).

Mr. Goodman claims that he "is being compelled to remain where he does not wish to be by the Respondent as a result of being barred, detained, and restrained of his liberty to access the court located at 100 F Street, NE, Washington, DC 20549," Pet. at 2, which is the SEC Headquarters. Nothing in the petition suggests that Mr. Goodman is physically confined "under or by color of the authority of the United States" or pursuant to "an order, process, judgment or decree of a court or judge of the United States" or any other court. 28 U.S.C. § 2241(c)(1)-(3).

Because Mr. Goodman has not established his standing to petition for habeas relief, the Court will deny the petition and dismiss the case. A separate final order accompanies this Memorandum Opinion.

/s/
ROSEMARY M. COLLYER
United States District Judge

Date: May 3, 2010